# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROULAND ALNOUBANI, on her own**
**behalf and all others similarly situated,**

                                        **Plaintiff,**

**-vs-**                                                    **Case No.  6:11-cv-1149-Orl-28KRS**

**M.E.F. FOOD, INC., CHARBEL SAAB,**

                                        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT (Doc. No. 30)** |
| **FILED:** | **August 7, 2012** |

## I.    PROCEDURAL HISTORY.

Plaintiff Rouland Alnoubani and Defendants M.E.F. Food, Inc., and Charbel Saab seek the

Court's approval of their settlement of claims under the Fair Labor Standards Act (FLSA), 29

U.S.C. § 201, *et seq.*[1]

---

[1]  Alnoubani brought  unpaid overtime and minimum wage claims on behalf of herself and others similarly situated.  She also asserted a retaliation claim. No other individuals have filed notices and/or consents to join the case.

## II.     APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.  In *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009),[2] the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351.  If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

---

[2] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

### III.   ANALYSIS.

A.   *Compromise of the Claims.*

In her answers to the Court's interrogatories, Alnoubani averred that she was owed $39,567.05 in unpaid overtime compensation and minimum wages and an equal amount in liquidated damages. Doc. No. 14-1 ¶ 7(d), (e). Under the settlement agreement, Alnoubani will receive $2,500.00. Doc. No. 30-1 ¶ 3. Therefore, Alnoubani has compromised her claim.

Alnoubani represents, through counsel, that she voluntarily agreed to this amount in light of the disputes about the amount of off-the-clock work actually performed. Doc. No. 30 at 2, 4. Therefore, the facts and circumstances underlying the settlement have been adequately disclosed.

B.   *Reasonableness of Attorney's Fees and Costs.*

Because Alnoubani has compromised her FLSA claim, the Court must consider whether the payment to Plaintiff's attorney is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Alnoubani agreed to accept. Counsel states in the Joint Motion to Approve Settlement Agreement that the attorney's fee was separately negotiated from Plaintiff's recovery. Doc. No. 30 at 3. When the attorney's fees are agreed upon separately, without regard to the amount paid to the plaintiff, then, "unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). Here, the settlement did not appear reasonable on its face, however, because counsel for Alnoubani will receive under the settlement agreement $2,000.00 in costs and $8,000.00 in attorney's fees. Doc. No. 30-1 ¶ 3. Therefore, the

Court required counsel for Alnoubani to provide evidence of the reasonable attorney's fees and actual costs incurred.  Doc. No. 31.

In response to that order, Andrew Frisch, Esq., counsel for Alnoubani, filed his affidavit (Doc. No. 32-1) supported by time sheets (Doc. Nos. 32-2, 32-3), and a case expense report (Doc. No. 32-4).  Frisch avers that he has been practicing law since 2001 and has written articles and lectured on wage and hour and employment related issues.  Doc. No. 32-1 ¶¶ 6,7.  He attests that judges of this Court have found that his reasonable hourly rate is $300.00.  *Id.* ¶ 4.  He attests that judges of this Court have determined that a reasonable hourly rate for paralegal Heather McManus is $95.00 per hour.  *Id.* ¶ 10.[3]  The hourly rates for Attorney Frisch and paralegal McManus are reasonable in the absence of objection.

Review of the time sheets reflects that most of the work McManus performed was clerical and administrative and, therefore, not compensable.  *See, e.g., Marriott v. D & D Tractor and Truck Serv., Inc.*, No. 6:09-cv-975-Orl-35KRS, 2012 WL 2127731, at * 2 (M.D. Fla. May 1, 2012), *confirmed and adopted*, No. 6:09-cv-975-Orl-35KRS, Doc. No. 80 (M.D. Fla. June 12, 2012).

Attorney Frisch's work was largely compensable, although he too spent time on noncompensable tasks and some of his work was excessive for the task performed.  Even with reductions to account for noncompensable work, the lodestar attorney's fees exceed the $8,000.00 paid under the settlement.

---

[3] Attorney Frisch is not seeking fees for work performed by Richard Celler reflected in the time sheets.  *Id.* ¶ 11.

The analysis of the costs paid, however, does not support the reasonableness of the settlement.  A prevailing party can be awarded taxable costs, which do not include postage, telephone charges, federal express, online research, travel expenses and mediation fees.  *See, e.g., Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 845-46 (11th Cir. 2008)(unpublished decision cited as persuasive authority); *Global Patent Holdings, LLC v. Panthers BRHC LLC*, No. 08-80013-CIV, 2009 WL 1809983, at * 2-3 (S.D. Fla. June 25, 2009).  The only taxable costs on the case expense report are the following:  $350.00 -- filing fee; $153.00 -- process service; and, $190.00 -- deposition.  These taxable costs, which total $693.00, are far less than the $2000.00 paid in costs under the settlement agreement.

The overpayment of costs under the settlement raises a concern that Alnoubani's payment under the settlement agreement was improperly influenced by the amount of "costs" claimed by her counsel.  Nevertheless, because the total of attorney's fees and costs paid under the settlement agreement collectively are less than the reasonable lodestar attorney's fee, I recommend that the Court find that the excessive payment of costs did not taint the settlement.

C.      *Other Provisions in the Settlement Agreement.*

The Settlement Agreement contains a release that provides as follows:

> Plaintiff completely releases and forever discharges Defendants, any of its [*sic*] past, present and *future* general partners, limited partners, officers, directors, stockholders, attorneys, agents, servants, representatives, employees, subsidiaries, parent companies, affiliates, partners, predecessors, successors in interest and insurers of and from any and all past, present and *future claims*, rights, liens, damages, costs, losses of services, expenses and compensation of any nature whatsoever, including attorneys' fees, whether based on tort, contract, statute, or other theory of recovery which Plaintiff now has or which may hereafter accrue or otherwise be acquired, on account of upon or by reason of any matter, cause or thing,

> including but not limited to Plaintiff's employment with Defendants,
> whether or not raised in the action, from the beginning of the world
> to the day this Agreement is executed, except for the obligations set
> forth in this Agreement.

Doc. No. 30-1 ¶ 10 (emphasis added).  Judges of this Court have found that a sweeping release such as this one, which releases individuals and entities not named in the complaint or otherwise identified and which releases claims other than those asserted in the complaint, renders an FLSA settlement agreement unreasonable in a case in which the plaintiff compromised his claim.  *See, e.g., Bright v. Mental Health Res. Ctr, Inc.*, No. 3:10-cv-427-J-37TEM, 2012 WL 868804 (M.D. Fla. March 14, 2012); *Khalil v. Jacobs Eng'g Grp., Inc.*, No. 6:10-cv-1324-Orl-28KRS, 2012 WL 933053, at * 2 (M.D. Fla. Feb. 22, 2012), *adopted and confirmed*, No. 6:10-cv-1324-Orl-28KRS, Doc. No. 44 (M.D. Fla. March 20, 2012); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

The settlement agreement also contains a confidentiality provision that prohibits Alnoubani from disclosing the existence of her claims and the contents of the settlement agreement except to certain individuals or "as compelled by force of law, or as required during any unemployment compensation proceedings."  Doc. No. 30-1 ¶ 2.D.  Because the claims as stated in the complaint  and the settlement agreement were filed in the public record, this provision is unenforceable.  At least one judge of this Court has determined that an FLSA settlement agreement containing a confidentiality provision should be rejected as unreasonable. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010).  Other judges have noted the unenforceability of such a provision and declined to approve the agreement as a whole or reserve jurisdiction to enforce it.

Finally, the settlement agreement provides for payment to Alnoubani and her counsel in installments.  *Id.* ¶ 3.  Under this provision, counsel will be paid a portion of the fees and costs before Alnoubani receives the entire amount of the settlement payment due to her.  While I have found no cases that disapprove of this practice, it arguably creates the type of conflict of interest contemplated by the Eleventh Circuit in *Silva*, because under the agreement counsel will receive partial payment of his fees and costs before his client receives full payment of the allegedly past due FLSA wages.

For all of these reasons, I recommend that the Court find that these "other provisions" of the settlement agreement render the settlement unfair and unreasonable.

## IV.    RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court **DENY** the Joint Motion to Approve Settlement Agreement, Doc. No. 30, and allow the case to proceed pursuant to the existing scheduling order.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 30 , 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy