**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROULAND ALNOUBANI, on her own behalf**
**and all others similarly situated,**

                      **Plaintiff,**

**-vs-**                                            **Case No.  6:11-cv-1149-Orl-28KRS**

**M.E.F. FOOD, INC., CHARBEL SAAB,**

                      **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **SECOND JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT (Doc. No. 36)**
>
> **FILED:**     **October 10, 2012**

## I. PROCEDURAL HISTORY.

Plaintiff Rouland Alnoubani brought unpaid overtime and minimum wage claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* on behalf of herself and others similarly situated against Defendant M.E.F. Food, Inc. and Charbel Saab.[1]  She also asserted a retaliation claim against these Defendants.

In August 2012, the parties notified the Court that they had reached a settlement and sought a fairness finding as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982).  Doc. No. 30.  The Court denied the motion based on a finding that the settlement agreement

---

[1] No other individuals have filed notices and/or consents to join the case.

contained an overbroad release and a confidentiality provision that were not fair and reasonable. Doc. No. 33. The parties now seek a approval of an amended settlement agreement.

## II.  ANALYSIS.

In the amended settlement agreement, the parties omitted the confidentiality provision. They also limited the release as follows:

> In consideration of the promises and obligations called for herein, Plaintiff [and her successors, beneficiaries, personal representatives, and heirs] completely releases and forever discharges Defendants, [which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, their successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs,] any of their past and present officers, directors, stockholders, attorneys, successors in interest and insurers of and from any and all claims, rights, liens, damages, costs, losses, expenses and compensation, including attorneys' fees, alleged by Plaintiff in the case styled *Rouland Alnoubani vs. M.E.F. Food, Inc., and Charbel Saab, Case No. 6:11-v-1149-Orl-28KRS in the U.S. District Court for the Middle District of Florida.*

Doc. No. 36-1 at 2-4. Because the release is limited to the matters at issue in the present case and Plaintiff does not contend that she has been provided insufficient information about the Defendant releasees, I recommend that the Court find that the release does not render the settlement unfair or unreasonable.

The other terms of the amended settlement agreement are the same as those addressed in my earlier Report and Recommendation. Doc. No. 33. For the reasons discussed in that Report and Recommendation, which I incorporate herein by reference, I recommend that the Court find that the settlement as a whole is a fair and reasonable resolution of a *bona fide* dispute under the FLSA. The amended settlement agreement includes provisions that the Court need not approve. *See* Doc. No. 36-1

¶¶ 5, 11, 12.  Accordingly, the Court need not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.[2]

### III.   RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2. **GRANT in part** the Joint Motion to Approve Settlement Agreement, Doc. No. 36;

3. **PROHIBIT** counsel for Plaintiff from withholding any portion of the $2,500.00 payable to Plaintiff under the settlement agreement pursuant to a contingent fee agreement or otherwise;

4. **ORDER** counsel for Plaintiff to provide a copy of the Court's Order to Plaintiff;

5. **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

6. **DISMISS** the case with prejudice; and,

7. **DIRECT** the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 16 , 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2] While the amended settlement agreement provides that this Court shall retain jurisdiction to enforce it, it also contains a severability clause.  Doc. No. 36-1 ¶¶ 9, 13.